# IN THE SUPREME COURT OF IOWA

No. 09–0195

Filed April 29, 2011

**STATE OF IOWA,**

> Appellee,

vs.

**RONALD RAY MURRAY, JR.,**

> Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Benton County, Robert E. Sosalla, Judge.

On further review, defendant contends the district court erred by giving jury instructions on both general and specific intent when the crimes charged only required proof of specific intent. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin R. Cmelik, Assistant Attorney General, David C. Thompson, County Attorney, and Anthony H. Janney, Assistant County Attorney, for appellee.

**HECHT, Justice.**

Defendant was convicted of second-degree robbery and second-degree theft. He appeals, contending the district court erred by instructing the jury on both specific and general intent when he was charged only with crimes requiring proof of specific intent. The court of appeals affirmed, and on further review we also affirm.

### I. Background Facts and Proceedings.

A jury could have found the following facts from the evidence presented at trial. At about noon on November 19, 2007, Ronald Murray, Jr., walked into a bank in Keystone, Iowa, with a gun. He wore a blue jacket with a white hood tied down tight around his face. He waved the gun and told the teller to give him all the money in the drawer or a bomb would go off in the restaurant nearby. The teller gave him the money, and Murray left. Several people who knew Murray saw him in the vicinity of the bank near the time of the robbery wearing a blue jacket with a white hood. Upon learning of the robbery, one of them reported Murray's address to the police, who located Murray early that afternoon. A white hooded sweatshirt, a blue jacket, a soft-air pistol, two bank money bands, and cash were found in his car.

Murray was ultimately charged with robbery in the second degree, theft in the second degree, and threats. After a jury trial, Murray was acquitted of the threats charge, but was convicted of both second-degree robbery and second-degree theft.

Murray appealed his conviction, arguing the district court erroneously instructed the jury on both general and specific intent, though he was charged with only specific intent crimes. We transferred the case to the court of appeals, which concluded Murray was not

prejudiced by the jury instructions and affirmed his conviction. We granted Murray's application for further review.

## II. Scope of Review.

We review alleged errors in jury instructions for correction of errors at law. *State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996). Errors in jury instructions are presumed prejudicial unless "the record affirmatively establishes there was no prejudice." *State v. Hanes*, 790 N.W.2d 545, 551 (Iowa 2010). We do not consider an erroneous jury instruction in isolation, but look at the jury instructions as a whole. *State v. Fintel*, 689 N.W.2d 95, 104 (Iowa 2004).

## III. Discussion.

The jury received the following relevant instructions.

INSTRUCTION NO. 16

To commit a crime a person must intend to do an act which is against the law. While it is not necessary that a person knows the act is against the law, it is necessary that the person was aware he was doing the act and he did it voluntarily, not by mistake or accident. You may, but are not required to, conclude a person intends the natural results of his acts.

INSTRUCTION NO. 17

"Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.

Because determining the defendant's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

INSTRUCTION NO. 18

The State must prove all of the following elements of Robbery In The Second Degree:

1. On or about the 19th day of November, 2007, the defendant had the specific intent to commit a theft.

2.      In carrying out his intention or to assist him in escaping from the scene, with or without the stolen property, the defendant:

      a.  Committed an assault on [the bank tellers].

      b.  Threatened [the bank tellers] with or purposely put [the bank tellers] in fear of immediate serious injury.

If the State has proved all of the elements, the defendant is guilty of Robbery In The Second Degree. If the State has failed to prove any one of the elements, the defendant is not guilty of Robbery In The Second Degree.

### INSTRUCTION NO. 19

With regard to Instruction No. 18 an assault occurred if a person committed an act which was intended to cause pain or injury and/or resulted in physical contact which was insulting or offensive and/or placed another in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to the other.

Murray objected to the use of instruction 16 defining general criminal intent, arguing that all of the charged crimes, as well as all lesser-included crimes, required proof of specific intent. The district court overruled the objection and gave the instruction to the jury. On appeal, Murray argues the inclusion of instruction 16 rendered the jury instructions confusing and permitted the jury to find him guilty of the charged crimes based upon a finding that he possessed only general intent rather than specific intent. Because we cannot tell which type of intent the jury relied upon, he argues, we must presume the instruction was prejudicial and reverse his conviction.

The State does not dispute that robbery, theft, and threats are crimes requiring proof of specific intent. However, the State contends that because assault, an element of robbery, is a general intent crime, it was appropriate to include the general intent instruction.

The type of intent required to sustain an assault conviction has been the subject of much debate recently. *See, e.g., Wyatt v. Iowa Dep't*

*of Human Servs.*, 744 N.W.2d 89, 94 (Iowa 2008); *State v. Keeton*, 710 N.W.2d 531, 533–34 (Iowa 2006). We find it unnecessary to revisit the issue in this case. As the State points out, instruction 19—an instruction to which Murray did not object—misstated the required elements of assault as set forth in Iowa Code section 708.1 (2007) and included two options purporting to require only general intent. As the jury was in fact instructed that it could find Murray committed assault upon proof of general intent in this case, the State contends it was therefore appropriate and nonprejudicial to include instruction 16, defining general intent. We agree under the circumstances presented here.

Instruction 19 allowed the jury to find Murray committed an assault if he committed an act which was intended to cause pain or injury, *or* committed an act *which resulted* in physical contact which was insulting or offensive, *or* committed an act *which placed* another in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to the other. Two of the three assault options presented in this instruction did not require proof that Murray possessed the specific intent to cause the result, but rather required only proof of a general intent to commit the act which resulted in physical contact or placed another person in fear. Although instruction 19 misstated the substance of section 708.1 as it relates to the intent element of assault crimes,[1] Murray did not object to this instruction at trial and on appeal concedes that the incorrect instruction is now the law

---

[1]Section 708.1 provides that an assault has been committed when a person does an act "which is intended to cause pain or injury" or "which is intended to result in physical contact which will be insulting or offensive," or "which is intended to place another in fear of immediate physical contact." Iowa Code § 708.1(1) and (2).

of the case. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988). Given that instruction 19 included general intent options for finding an assault was committed, we cannot conclude instruction 16, defining general intent, caused reversible error under the circumstances presented here.

Nevertheless, Murray urges us to adopt the reasoning and result of *State v. Hague*, No. 04–1024, 2005 WL 2989705, at *6–7 (Iowa Ct. App. Nov. 9, 2005), in which the court of appeals concluded jury instructions on both general and specific intent were confusing and justified a new trial. Although unpublished court of appeals decisions do not constitute controlling legal authority for our court, Iowa Court Rule 6.904(2)(c), we have considered the decision and find its reasoning inapplicable here in light of the procedural posture of this case. Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Waterman, Mansfield, and Zager, JJ., who take no part.