# IN THE COURT OF APPEALS OF IOWA

No. 22-1448
Filed April 10, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CHAD ALAN STECHCON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


 The defendant appeals from his convictions, challenging the district court's denial of his motion for mistrial and a jury instruction. **AFFIRMED.**


 Martha J. Lucey, State Appellate Defender, and Michelle E. Rabe, Assistant Appellate Defender, for appellant.

 Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


 Considered by Schumacher, P.J., Buller, J., and Potterfield, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**POTTERFIELD, Senior Judge.**

Stechcon appeals his convictions of willful injury causing bodily injury and false imprisonment,[1] arguing (1) the district court should have granted his motion for mistrial after one of the State's witnesses violated the court's ruling on the motion in limine prohibiting witnesses from referencing that Stechcon had been in legal trouble before and "would spend seventeen more years locked up" and (2) the court erred in giving a jury instruction on general intent because it was not applicable to any of the charged offenses.

**I. Background Facts and Proceedings.**

The State charged Stechcon with kidnapping in the third degree (count I), willful injury causing bodily injury (count II), domestic abuse assault causing bodily injury (count III), and false imprisonment (count IV). All four crimes were alleged to have occurred on January 23, 2022, with F.T.—Stechcon's sometimes paramour—as the named victim.

In a motion in limine, Stechcon asked the court to prohibit "[a]ny testimony and/or statement referencing any previous criminal record, arrest or conviction" of Stechcon and any reference to F.T.'s statement about him being "in trouble before" or that he "would spend seventeen more years locked up." The court ruled there would be no mention of Stechcon's prior criminal history. And the State agreed it was not going to be asking about Stechcon being "in trouble before" or the identified statements.

---

[1] The jury also found Stechcon guilty of assault causing bodily injury. The district court concluded it merged with the charge of willful injury causing bodily injury and entered convictions on just willful injury causing bodily injury (count II) and false imprisonment (count IV).

At trial, F.T. testified that Stechcon picked her up from her home on the night of January 23, 2022. Almost immediately, F.T. realized she did not want to spend time with Stechcon; she tried to get out of his truck multiple times, but he physically pulled her back in and verbally threatened her. After driving for some time, Stechcon stopped on an unlit gravel road. He got out, came around to the passenger side, and began hitting F.T. with a closed fist as he tried to pull her out of the truck. Another vehicle happened to come down the road, and the driver stopped after hearing F.T.'s shouts for help. F.T. testified that as a parting shot, she told Stechcon, "[E]njoy the next fucking seventeen years of your life." The driver of the other vehicle took F.T. to her cousin's home. F.T. did not report the incident to law enforcement until a few days later—when she was at the hospital for her injuries—and photographs taken of her that day were admitted into evidence.

The jury acquitted Stechcon of third-degree kidnapping (count I) but found him guilty of willful injury causing bodily injury (count II), a lesser-included offense assault causing bodily injury (count III), and false imprisonment (count IV). After merging count III into count II, the court sentenced him to a term of incarceration not to exceed five years.

Stechcon appeals.

## II. Analysis.

### A. Motion for Mistrial.

Stechcon challenges the district court's denial of his motion for mistrial. When reviewing the district court's decision, we keep in mind that "[t]rial courts have considerable discretion in ruling upon motions for mistrial, since they are

present through the trial and are in a better position than the reviewing court to gauge the effect of the matter in question on the jury." *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992). "The trial court's ruling . . . will not be set aside except upon a showing of abuse of discretion." *Id.* And "[t]he defendant is only entitled to a new trial if the prejudice resulting from the denial prevented the defendant from having a fair trial." *State v. Brown*, 996 N.W.2d 691, 696 (Iowa 2023).

Here, Stechcon received a ruling in limine that witnesses were prohibited from testifying about his previous troubles with the law and that he "would spend seventeen more years locked up." During F.T.'s testimony, she stated that as she fled from Stechcon into the stranger's vehicle, she told Stechcon to "enjoy the next fucking seventeen years of your life." Stechcon objected and moved for mistrial, arguing the jury was tainted because F.T.'s comment provided "a strong inference that one of two things. Either he is on probation or parole and he has time hanging over head or that the allegations that were made today would lead to results of a sentence of seventeen years." The State resisted, noting F.T.'s comment was "quite vague" and "[t]here wasn't any statement or any even intimation by her that this involved any kind of previous conviction or any type of potential prison time that was hanging over the defendant's head." Additionally, the prosecutor noted that while the jury was not to have any part in the punishment part, "it's not out of the realm of possibility that they know there will be some type of punishment."

The court concluded that F.T.'s testimony violated its ruling on the motion in limine but correctly recognized that violation did not necessarily require a mistrial. *See, e.g.*, *State v. Lawrence*, 559 N.W.2d 292, 294–95 (Iowa Ct.

App. 1996) (affirming district court's decision to not grant mistrial after witnesses' testimony violated court's limine ruling). The court then denied Stechcon's motion for mistrial, stating:

> The statement itself in the context was—to me, does not communicate anything about any prior record of the defendant or any prior convictions or enhancements, which are part of the State's overall charge, and it[] seem[s] common sense to the public, if you actually commit a crime, you could go to jail for that.
>
> I'm not sure what's magical about the seventeen year comment. We don't have any singular offenses under the Iowa Code that give you seventeen years in prison.
>
> You can certainly—I get they're adding up a few, but in the context that it was given, I don't think that the jury would take this any way other than the witness indicating from the context of the circumstances she was describing, at worst that you're going to get caught and get in trouble. . . . [T]hat's an obvious conclusion or feeling people might have in that circumstance.
>
> But because it didn't reference the fact that the defendant has actually been convicted of a crime prior to this or was on probation—I don't even know if that's the case—or on parole—I don't know any of that, but none of those magic words were hit, so I don't see the basis to grant the mistrial here.

On appeal, Stechcon maintains the court should have granted his motion for mistrial, claiming that F.T.'s testimony about "seventeen years" was improper evidence of his prior bad acts and suggested he was some sort of serial offender. Taking the next inferential step, Stechcon maintains that the jury's instinct to punish was triggered by the inadmissible evidence. And he claims that because the court did not instruct the jury to disregard the statement and failed to offer a curative instruction, the prejudice he suffered was not mitigated. *Cf. State v. Lawrence*, 559 N.W.2d 292, 295 (Iowa Ct. App. 1996) ("Generally, the striking of an improper response, and an instruction to the jury to disregard the response, will prevent prejudice.").

Like the district court, we think Stechcon overstates what F.T. conveyed to the jury about him and any previous legal trouble he may have had when she testified she told him to "enjoy the next fucking seventeen years of your life." While she used a specific number with her parting statement and the implication seemed to be that she expected Stechcon to become incarcerated as a result of his actions, there was no indication that was due to any prior convictions. And the district court, who was present and could witness the demeanor of the jury, did not believe the statement had any inappropriate impact on the jury. This is not a case where there is no support in the record for the trial court's determination. *See Jirak*, 491 N.W.2d at 796 ("Ordinarily, abuse of discretion is found upon the denial of a mistrial only where there is no support in the record for the trial court's determination."). And the district court was not "clearly unreasonable in concluding an impartial verdict could be reached notwithstanding [F.T.'s] testimony." *See State v. Newell*, 710 N.W.2d 6, 33 (Iowa 2006).

The district court did not abuse its discretion in denying Stechcon's motion for mistrial.

**B. Jury Instruction.**

Stechcon maintains the district court erred in giving the jury an instruction on general intent, asserting that none of the four crimes for which he was charged were a general-intent crime so the instruction was inapplicable and likely led the jury to convict without forcing the State to meet the standard of proving specific intent. Stechcon raised this same objection to the district court; he asked the court to not give the general-intent instruction because "[t]he crimes that he [was] charged with all are specific intent crimes" and argued leaving the instruction in

could cause the jury confusion. The State argues false imprisonment is a general-intent crime[2] and, insofar as Stechcon claims error because the instructions on general intent and specific intent did not specify which count or counts they applied, he failed to preserve error on that claim because he did not raise the issue to the district court.

"We review challenges to jury instructions for correction of errors at law." *Krogmann*, 998 N.W.2d at 150 (citation omitted). "Where an instruction is incorrect as a matter of law and not cured by other instructions, we presume prejudice 'unless the record affirmatively establishes there was no[ne].'" *State v. Ross*, 986 N.W.2d 581, 585 (Iowa 2023) (alteration in original) (citation omitted). But "[h]armless error may be found, for example, if the record affirmatively establishes that a party has not been injuriously affected by the alleged error or that there has not been a miscarriage of justice." *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 903 (Iowa 2015).

False imprisonment is a serious misdemeanor, criminalized at Iowa Code section 710.7 and established during the comprehensive criminal-code revision enacted in the late 1970s. *See* 1976 Iowa Acts ch. 1245, § 1007. The uniform jury instruction, which was used in this case, lists the following requirements to establish the crime:

> 1. On or about the _____ day of _____, 20___, the defendant intentionally confined (victim).
> 2. (Victim) was confined against [his] [her] will.

---

[2] On appeal, the parties are in agreement that the three other charges Stechcon faced—all assaults—are specific-intent crimes. *See State v. Krogmann*, 998 N.W.2d 141, 158 (Iowa 2023) ("It is established law in Iowa that assault is a specific-intent crime.").

        3. The defendant did not have a reasonable belief that [he] [she] had a right or authority to confine (victim).

Iowa Crim. Jury Instruction 1000.8. And neither Stechcon nor the State dispute that these instructions correctly state the law.

While Iowa does not have traditional legislative history, and we often lack meaningful insight into the legislative process, crimes enacted as part of the comprehensive criminal-code revision are an outlier because there were contemporary commentaries discussing the proposal in the Drake and University of Iowa law reviews. In part two of his series discussing the new criminal code, Kermit Dunahoo expressly concluded false imprisonment "is not a specific intent crime," and observed the addition of specific intent to false imprisonment is what aggravates the offense to kidnapping. Kermit L. Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L. Rev. 491, 565 (1980); *see also id.* at 560. Dunahoo made a related observation in part one of the series, where he explained that false imprisonment criminalized conduct that had been previously left to civil remedies and was defined in the new uniform jury instructions to "require only that the respective act be done intentionally without also requiring that [it] be done with specific purposes." Kermit L. Dunahoo, *The New Iowa Criminal Code*, 29 Drake L. Rev. 237, 245, 303 & n.541 (1979–80). Professor John Yeager similarly described the new criminal code's kidnapping offense as false imprisonment accompanied by intent, which again suggests false imprisonment is a general-intent offense. *See* John J. Yeager, *Proposed Criminal Law Reform in Iowa: A Symposium, Crimes against the Person: Homicide, Assault, Sexual Abuse and Kidnapping in the Proposed Iowa Criminal Code*, 60 Iowa L. Rev. 503, 526 (1975).

At minimum, these authorities suggest that false imprisonment requires proof of only general intent.

But, recognizing that no precedent from this court or the Iowa Supreme Court squarely answers whether false imprisonment in a specific- or general-intent crime and "'[s]pecific intent' and 'general intent' have been notoriously difficult to define and apply and have proved to be mischievous," *State v. Keeton*, 710 N.W.2d 531, 534 (Iowa 2006) (cleaned up) (citation omitted), we decline to decide the issue and instead resolve Stechcon's claim on the basis of harmless error.

Our court has repeatedly held error was harmless in analyzing confusing or missing intent instructions when the marshaling instruction closely tracked the elements of a criminal offense. *See State v. Wessels*, No. 15-1023, 2016 WL 4543719, at *2 (Iowa Ct. App. Aug. 31, 2016) (holding lack of specific-intent instruction harmless when marshaling instruction correctly described the specific intent required for the offense of assault on a peace officer); *State v. Hall*, No. 11-1524, 2012 WL 4900426, at *5–6 (Iowa Ct. App. Oct. 17, 2012) (coming to a similar conclusion in light of a jury question about lesser-included assault offense). Still, we acknowledge this court has twice come out the other way when the unique circumstances of a case suggested jury confusion.

In *State v. Drake*, a panel of our court found trial counsel was ineffective for allowing the jury to receive both general- and specific-intent instructions in a domestic-abuse-assault prosecution, when the jury asked a question relating directly to the intent element and the court left the question unanswered. *See* No. 12-0554, 2013 WL 3457176, at *6 (Iowa Ct. App. July 10, 2013). But we have declined to follow *Drake* more recently. *See State v. Basquin*, No. 17-0057, 2018

WL 1858378, at *4 (Iowa Ct. App. Apr. 18, 2018) (distinguishing *Drake* based on the specific language of the instructions and the absence of jury questions indicating confusion).

And in an older case, *State v. Hague*, our court emphasized "the unique circumstances" of the record and concluded a general-intent instruction was prejudicial when the only crime at issue (fraudulent practice) required proof of specific intent and the instructions were overall "rather confusing." No. 04-1024, 2005 WL 2989705, at *7 (Iowa Ct. App. Nov. 9, 2005). But the supreme court declined to follow *Hague* in a subsequent case that involved specific- and general-intent instructions in an assault prosecution. *See State v. Murray*, 796 N.W.2d 907, 910 (Iowa 2011). And in its most recent case addressing a permutation of this question, the supreme court's prejudicial-error analysis focused on a prosecutor's references to both specific- and general-intent concepts during closing argument—which is not inconsistent with *Hague*'s focus on the peculiarities of the record before it in assessing prejudice. *See State v. Benson*, 919 N.W.2d 237, 245–46 (Iowa 2018).

We conclude *Wessels* and *Hall* take the better approach—concluding jury instructions that track the statutory elements adequately inform jurors of the law, regardless of any errant general- or specific-intent instructions that also appear in a lengthy stack of instructions. *Wessels*, 2016 WL 4543719, at *2; *Hall*, 2012 WL 4900426, at *5–6. And *Drake* and *Hague* are self-limiting with their reference to the peculiar records at issue in those appeals, namely the question from the jury in *Drake* and the confusing-on-their-face instructions in *Hague*. *Drake*, 2013 WL 3457176, at *6; *Hague*, 2005 WL 2989705, at *7. The same seems true of

*Benson*, which can fairly be read as fact-bound to the confusion that flowed from the prosecutor urging incorrect general-intent concepts during closing. *Benson*, 919 N.W.2d at 246.

Here, like in *Wessels*, *Hall*, and *Basquin*, the marshaling instruction correctly captured the elements, there were no questions from the jury indicating confusion, and there was nothing improper in the prosecutor's closing argument. For these reasons, the alleged error of providing the general-intent instruction was harmless.

**AFFIRMED.**